**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4870**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEREMY SPENCER KING,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Louise W. Flanagan,
District Judge.  (CR-03-366-FL)

_____

Submitted:  September 9, 2005      Decided:  September 30, 2005

_____

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Jane E. Pearce, Research and
Writing Attorney, Raleigh, North Carolina, for Appellant.  Frank D.
Whitney, United States Attorney, Anne M. Hayes, Christine Witcover
Dean, Assistant United States Attorneys, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jeremy Spencer King appeals the eighty-two month sentence imposed after a plea of guilty to one count of possession of a firearm by a convicted felon. King does not challenge his conviction. Finding that the district court's pronouncement of a lower alternative sentence demonstrates that King's substantial rights were abridged by the sentence actually imposed, we vacate the sentence, and remand for resentencing consistent with United States v. Booker, 125 S. Ct. 738 (2005).

King pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). At sentencing, the district court pronounced a sentence of eighty-two months' imprisonment in accordance with the United States Sentencing Guidelines. The district court also announced an alternative sentence of sixty-five months based on recent developments calling into question the application of mandatory sentencing guidelines schemes. See Blakely v. Washington, 542 U.S. 296 (2004).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court ruled the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum guideline sentence authorized by the facts found by the jury alone. See id. at 746, 750. In order to preserve the guidelines'

constitutionality, the Court excised the statutory provision that made them mandatory, id. at 764-65, rendering them merely advisory.

Appellant alleges the court below committed error in sentencing him under the mandatory guidelines regime. The government concedes error and agrees that appellant should be resentenced. Accordingly, we vacate King's sentence and remand for resentencing.[*] Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

_____

[*] Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of King's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>